East'n. District.
*January* 1826.

MERIAM & AL. vs. WORSHAM & AL.

MERIAM & AL.
*vs.*
WORSHAM
& AL.

APPEAL from the court of the fourth district.

A partner who has sold out to his co-partners any debts that *may* be due to the firm, and who on the trial receives a release from the partnership, is a competent witness to prove a debt due to it.

PORTER, J., delivered the opinion of the court. This is an action brought by partners in a steam saw-mill. At the time of the contract alleged in the petition, there was another person, viz. John Dutton, also a partner of the plaintiffs, but he withdrew from the firm before the commencement of this suit.

On the trial Dutton was offered as a witness, to prove the demand set out in the petition. His testimony was objected to, and the court having sustained the objection, the plaintiff was nonsuited.

The correctness of the opinion of the judge *a quo* is brought before us by a bill of exceptions.

The plaintiffs, in order to show the competency of the witness, offered two documents: the first establishes a release from Duncan & Meriam, to the witness, of all claims and demands growing out of, or in any manner whatever connected with the partnership; the second is from the witness to his copartners, setting over to them his right, title,

and interest to "all claims, of what nature soever the same may be, which are or may be belonging or owing to the said firm."

We think the court below erred. We do not see what possible interest the witness had in the event of the cause. He did not become by his act, warrantor of even the existence of the claim in question, for his transfer does not set out any debt as positively existing, it conveys only such debts *as may be* belonging to the firm.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged, and decreed that the cause be remanded to the district court, with directions to the judge not to reject the witness because he was formerly a partner with the petitioners; and it is further ordered that the appellee pay the costs of this appeal.

*Ripley & Conrad* for the plaintiffs.